IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK L. BROWN, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:10-cv-166 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| TED STRICKLAND, | : | MAGISTRATE JUDGE KING |
| OHIO GOVERNOR, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants Ohio Governor Ted Strickland ("Governor Strickland") and Ohio Attorney General Richard Cordray's ("Attorney General Cordray," and together with Governor Strickland "Defendants") Motion to Dismiss (Dkt. 10).[1] Plaintiff Patrick L. Brown ("Brown") filed a Complaint alleging that Ohio Revised Code ("O.R.C.") § 2953.36(B) violates his fundamental liberties secured by the Equal Protection Clause (Count I), and deprives Brown of rights secured by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 (Count II). The Defendants move to dismiss Brown's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that: (1) the Eleventh Amendment bars Brown's claims; and (2) this Court lacks subject matter jurisdiction pursuant to *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED.**

---

[1] Also before this Court is Plaintiff's pending Motion for Leave to Amend the Complaint, which is hereby **GRANTED.**

1

## II. BACKGROUND

In 2002, Brown was arrested in Wooster, Ohio and charged with operating a vehicle under the influence of alcohol ("OVI") in violation of O.R.C. 4511.19. By way of a guilty plea, Brown was convicted under O.R.C. 4511 for operating a vehicle while under the influence of alcohol, which is a criminal offense specified in O.R.C. 2953.36(B). O.R.C. 2953.36(B) bars individuals convicted of certain criminal offenses from applying for the sealing of their conviction record.

In January 2010, Brown applied to the Wayne County Municipal Court to have his conviction record sealed. On February 16, 2010, a hearing was held in the Wayne County Municipal Court to determine if Brown's application should be granted. Martin Frantz, the Prosecuting Attorney for Wayne County, Ohio, opposed Brown's expungement application on the ground that he was ineligible for an expungement pursuant to O.R.C. 2953.36(B). Accordingly, the Wayne County Municipal Court denied Brown's application, as required by O.R.C. 2953.36(B).

Brown, appearing *pro se*, filed a 42 U.S.C. § 1983 action in the United States District Court for the Southern District of Ohio challenging the constitutionality of O.R.C. 2953.36(B). Brown asserts that he is a "first offender" under O.R.C. 2953.31, and absent the exceptions in 2953.36(B) is eligible to have his conviction record sealed. Brown alleges that the enforcement of this statute, O.R.C. 2953.35(B), resulting in the inability to expunge his conviction record, may diminish opportunities for future employment. Accordingly, Brown now seeks: (1) a declaration that O.R.C. 2953.36(B) violates the Equal Protection Clause of the Fourteenth Amendment; and (2) a permanent injunction enjoining enforcement of the statute on the basis

that its continued enforcement deprives Brown of his rights under the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

Brown named Governor Strickland and Attorney General Cordray as Defendants. Brown alleged that Governor Strickland, in his official capacity, is the chief executive officer of the State of Ohio and has the responsibility of ensuring that the laws of the State are properly enforced. Brown also alleged that Attorney General Cordray, in his official capacity, is the chief legal officer of the State of Ohio and has a duty to ensure that the laws of Ohio are uniformly and adequately enforced. Brown asserts that the Defendants and those subject to their supervision, direction, and control, are responsible for the enforcement of O.R.C. 2953.36(B).

On April 7, 2010 Defendants filed a Motion to Dismiss Brown's Complaint on the grounds that: (1) the Eleventh Amendment bars Brown's claims; and (2) this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

### III. STANDARD OF REVIEW

A Rule 12(b)(1) motion is the appropriate vehicle for determining whether subject matter jurisdiction exists in a particular case. *Ohio Nat'l Life Ins. Co. v. United* States, 922 F.2d 320, 325 (6th Cir. 1990). When a defendant files a motion to dismiss challenging subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A "party faced with a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) may not rest on factual assertions in its pleadings." *Rutkofske v. Norman*, No. 95-2038, 1997 WL 299382, *3 (6th Cir. 1997); (*see also Ohio Nat'l. Life Ins. Co.*, 922 F.2d at 325) ("[W]hen a court reviews a complaint under a factual attack [on jurisdiction], … no presumptive truthfulness applies to the factual allegations."). Nonetheless, the nonmoving party must still be given ample

opportunity to secure and present evidence relevant to the existence of jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 918 (6th Cir. 1986). Accordingly, this Court may look beyond the jurisdictional allegations contained within the complaint and consider all the evidence that is submitted. *Humphrey v. U.S. Attorney General's Office*, No. 07-3740, 2008 WL 2080512, *3 (6th Cir. 2008).

### IV. LAW AND ANALYSIS

#### A. The Eleventh Amendment Bars Brown's Equal Protection and § 1983 Claims

Defendants argue that Brown's Equal Protection and § 1983 claim is barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment establishes that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Under the Eleventh Amendment, federal courts lack jurisdiction to hear suits by private citizens against a State unless the State explicitly consents to the suit or unless Congress, pursuant to a valid exercise of power, indisputably consents its intent to abrogate state immunity. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). Furthermore, "[s]tates are protected by the Eleventh Amendment from suits brought under section 1983, because the statute only creates a cause of action against a 'person' who causes the deprivation of another's Constitutional rights." *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, n.8 (6th Cir. 2007) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)).

Brown sued both Governor Strickland and Attorney General Cordray in their official capacity. By suing these two state officials in their official capacity, however, Brown is

pleading a claim against the State of Ohio, which is barred by the Eleventh Amendment. *Will*, 491 U.S. at 71. Consequently, the same Eleventh Amendment immunity also bars Brown's claims against the Defendants under 42 U.S.C. § 1983. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Quern v. Jordan*, 440 U.S. 332, 324 (1979).

In *Ex parte Young*, the United States Supreme Court established an exception to Eleventh Amendment immunity for claims for injunctive relief against individual state officials in their official capacities. 209 U.S. 123, 150-157 (1908). In *Young*, the Court held that a suit challenging the constitutionality of the state official's action in enforcing state law is not considered to be against the State, and therefore Eleventh Amendment immunity does not apply. *Id*. at 150 – 156. Additionally, "[i]n order to qualify under *Ex parte Young*, such an action must seek prospective relief to end a continuing violation of federal law." *Carten v. Kent State University*, 282 F.3d 391, 395 (6th Cir. 2002). Here, the *Young* exception does not apply for two reasons: (1) Defendants have no connection with the enforcement of O.R.C. 2953.36(B); and (2) Brown is seeking retrospective, not prospective, relief.

### 1. The *Young* exception to the Eleventh Amendment is not applicable because Defendants have no connection with the enforcement of O.R.C. 2953.36(B).

*Young* only "abrogates a state official's Eleventh Amendment immunity when a suit challenges the constitutionality of a state official's action." *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415 (6th Cir. 1996). For the *Young* exception to apply, "the state official sued [must] have 'some connection' with the enforcement of the allegedly unconstitutional Act." *Allied Artists Picture Corp. v. Rhodes*, 679 F.2d 656, 665 n.25 (6th Cir. 1982) (quoting *Ex parte Young*, 209 U.S. at 157); *Kelley v. Metropolitan County Bd. of Educ.*, 836 F.2d 986, 990-91 (6th Cir. 1987) (declining to apply *Young* when defendants were not threatening to enforce any unconstitutional act). Courts have not read *Young* expansively. *See*

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984). ("While the rule permitting suits alleging conduct contrary to 'the supreme authority of the United States' has survived, the theory of *Young* has not been provided an expansive interpretation."). Furthermore, the Sixth Circuit has expressly held that the phrase "'some connection with the enforcement of the act' does not diminish the requirement that the official threaten and be about to commence proceedings." *Children's Healthcare is a Legal Duty, Inc.*, 92 F.3d at 1416 (citing *Ex parte Young*, 209 U.S. at 155-56).

The standard requires that the state official threaten or be about to commence proceedings in order for the *Young* exception to apply. Here, Governor Strickland and Attorney General Cordray have no connection with the enforcement of O.R.C. 2953.36(B). Brown has never alleged that Governor Strickland had any connection with the enforcement of the statute in question. While Brown does argue that Attorney General Cordray enforced O.R.C. 2953.36(B), citing instances in which the Attorney General has advised a court that a record should not be sealed, Attorney General Cordray did not so do in Brown's case. Since Attorney General Cordray has not threatened to commence proceedings and is not about to commence proceedings to enforce O.R.C. 2953.36(B), the *Young* exception does not apply to abrogate the Eleventh Amendment immunity. *See Children's Healthcare is a Legal Duty, Inc.*, 92 F.3d at 1416.

**2. The *Young* exception is inapplicable because Brown seeks retrospective relief, which is barred by the Eleventh Amendment.**

The United States Supreme Court has established that the *Young* exception *only* applies to prospective injunctive relief. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (emphasis added). Retrospective relief, on the other hand, is barred by the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Quern*, 440 U.S. at 336. Likewise, a declaratory judgment against state officials declaring that they violated

6

federal law in the past constitutes retrospective relief, and is barred by the Eleventh Amendment. *Green*, 474 U.S. at 67.

Under the *Young* exception, a district court may, however, issue additional orders, including declaratory relief, only if they are "ancillary" to the prospective injunction. *Banas v. Dempsey*, 742 F.2d 277, 285 (6th Cir. 1984). The Sixth Circuit has been cautious in applying the narrow ancillary exception. *Kelley,* 836 F.2d at 992 (holding that the exception to the sovereign immunity for a suit against a state in which monetary relief is merely ancillary to other affirmative relief is a narrow exception). Declaratory relief is considered to be ancillary to a prospective injunction if the orders compel actions that are "a necessary consequence of compliance in the future with a substantive federal-question determination." *Banas*, 742 F.2d at 285.

Brown is not seeking prospective injunctive relief. Although Brown's Complaint appears to seek prospective relief, this Court must examine Brown's claims substantively rather than the form in which the claim appears. *Lawrence v. Welch*, 531 F.3d 364 (6th Cir. 2008). Brown is seeking retroactive relief because in order for Brown to be made whole for the alleged constitutional injury, this Court would have to issue a declaration that the prior judgment of the Wayne County Municipal Court was in error, the correction of which would entitle Brown to an injunction. The denial of Brown's request to seal his conviction record is premised on a past injury, and as a result, is retrospective and barred by the Eleventh Amendment.

Brown argues that prospective and retrospective relief is dictated by monetary damages. The Eleventh Amendment not only bars retroactive relief where the plaintiff is seeking monetary damages, but all retroactive relief. *S&M Brands, Inc., v. Cooper*, 527 F.3d 500, 509 (6th Cir. 2008). The United States Supreme Court established that "the relief sought by a plaintiff suing

a State is irrelevant to the question of whether the suit is barred by the Eleventh Amendment." *Seminole Tribe v. Florida*, 517 U.S. 44, 58 (1996).  Accordingly, the Eleventh Amendment immunity applies equally to claims for monetary and equitable relief.  *Rolando v. Pointe Mouille Shooting Club*, 182 F.3d 918, 1999 WL 520110, *2 (6th Cir. 1996).  Therefore, because Brown is seeking retroactive, instead of prospective injunctive relief, the *Young* exception does not apply.

Here, there is no basis for this Court to issue a prospective injunction due to the fact that the Attorney General is not enforcing the statute against Brown and because Brown is seeking retrospective relief.  As a result, this Court also lacks jurisdiction to grant a declaratory judgment on the constitutionality of O.R.C. 2953.36(B).  *See Green*, 474 U.S. at 71-72 (holding that a declaratory judgment could not be granted against the state where it was not accompanied by an award of prospective injunctive relief).

### B. The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to adjudicate "cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).  Accordingly, the Sixth Circuit has interpreted the *Rooker-Feldman* limitation to mean that the doctrine only applies when the plaintiff complains of injury from the state-court judgment itself.  *Id.* at 798. This doctrine, however, "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action."  *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003).

Although Brown claims that the *Rooker-Feldman* doctrine does not preclude federal district court review of O.R.C. 2953.36(B), because this Court has already established that Brown's claims are barred by the Eleventh Amendment, no analysis under the *Rooker-Feldman* doctrine is necessary.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Dkt. 10) is **GRANTED.**

**IT IS SO ORDERED.**

                                            s/Algenon L. Marbley
                                            **ALGENON L. MARBLEY**
                                            **UNITED STATES DISTRICT COURT**

**DATED: June 28, 2010**