**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK L. BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:10-CV-166** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | **Magistrate Judge King** |
| **MARTIN FRANTZ,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant Martin Frantz's Motion to Dismiss (Doc. 24).

Plaintiff Patrick L. Brown ("Brown") filed a Complaint alleging that Ohio Revised Code §

2953.36(B) ("R.C. 2953.36(B)") violates his fundamental liberties secured by the Equal Protection

Clause (Count I), and deprives Brown of rights secured by the Equal Protection Clause of the

Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983 (Count

II).  The Defendants move to dismiss Brown's Complaint pursuant to Fed. R.Civ. P. 12(b)(1) on the

grounds that: (1) the Eleventh Amendment bars Brown's claims; and (2) the complaint lacks

justiciability as required under Article III of the U.S. Constitution. For the reasons set forth below,

Defendants' Motion to Dismiss is **GRANTED.**

1

## II. BACKGROUND

In 2002, Brown was arrested in Wooster, Ohio and charged with operating a vehicle under the influence of alcohol ("OVI") in violation of Ohio Revised Code §4511.19 ("R.C. 4511.19"). By way of a guilty plea, Brown was convicted under R.C. 4511.19.

In January 2010, Brown applied to the Wayne County Municipal Court to have his conviction record sealed. On February 16, 2010, a hearing was held in the Wayne County Municipal Court to determine if Brown's application should be granted. Martin Frantz, the Prosecuting Attorney for Wayne County, Ohio, opposed Brown's expungement application on the ground that he was ineligible for an expungement pursuant to R.C. 2953.36(B), which bars individuals convicted under R.C. 4511.19 from having their conviction records sealed. Accordingly, the Wayne County Municipal Court denied Brown's application.

Brown, appearing *pro se*, filed a 42 U.S.C. § 1983 action in the United States District Court for the Southern District of Ohio challenging the constitutionality of R.C. 2953.36(B). Brown asserts that he is a "first offender" under R.C. 2953.31, and, absent the exceptions in R.C. 2953.36(B), is eligible to have his conviction record sealed. Brown alleges that the enforcement of R.C. 2953.35(B) will diminish his opportunities for future employment. Based on these allegations, Brown now seeks: (1) a declaration that R.C. 2953.36(B) violates the Equal Protection Clause of the Fourteenth Amendment; and (2) a permanent injunction enjoining enforcement of the statute on the basis that its continued enforcement deprives Brown of his rights under the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

In his original Complaint, Brown named Governor Strickland and Attorney General Cordray as Defendants (Doc. 4). Governor Strickland and Attorney General Cordray filed a Motion to

Dismiss Brown's Complaint on April 7, 2010 on the grounds that: (1) the Eleventh Amendment bars

Brown's claims; and (2) this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman*

doctrine. (Doc. 10). This Court issued an Order on June 28, 2010 granting Defendants Strickland

and Cordray's Motion to Dismiss (Doc. 21).  Brown filed an Amended Complaint on July 1, 2010

naming Martin Frantz as a Defendant (Doc. 22).

On July 19, 2010, Defendant Martin Frantz filed a Motion to Dismiss on two jurisdictional

grounds: (1) that the Eleventh Amendment bars Brown's claims; and (2) that Brown's Complaint

lacks justiciability as required under Article III of the U.S. Constitution (Doc. 24). Defendant

Frantz's Motion further claims that venue in this case is improper.

### III. STANDARD OF REVIEW

A Rule 12(b)(1) motion is the appropriate vehicle for determining whether subject matter

jurisdiction exists in a particular case. *Ohio Nat'l Life Ins. Co. v. United* States, 922 F.2d 320, 325

(6th Cir. 1990).  When a defendant files a motion to dismiss challenging subject matter jurisdiction

pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Moir*

*v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). A "party faced with

a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) may not rest on factual

assertions in its pleadings."  *Rutkofske v. Norman*, No. 95-2038, 1997 WL 299382, *3 (6th Cir.

1997); (*see also Ohio Nat'l. Life Ins. Co.,* 922 F.2d at 325) ("[W]hen a court reviews a complaint

under a factual attack [on jurisdiction], … no presumptive truthfulness applies to the factual

allegations."); Nonetheless, the nonmoving party must still be given ample opportunity to secure and

present evidence relevant to the existence of jurisdiction.  *Rogers v. Stratton Industries, Inc.*, 798

F.2d 913, 918 (6th Cir. 1986).   Accordingly, this Court may look beyond the jurisdictional allegations contained within the complaint and consider all the submitted evidence.  *Humphrey v. U.S. Attorney General's Office*, No. 07-3740, 2008 WL 2080512, *3 (6th Cir. 2008).

## IV. LAW AND ANALYSIS

### A. Plaintiff Brown lacks standing as required under Article III

Defendant Frantz argues that Plaintiff Brown lacks Article III standing to pursue his §1983 claim. Article III standing enforces the Constitution's "case or controversy" requirement. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004). Standing is a threshold inquiry to be determined by this Court prior to exercising jurisdiction. *Allstate Insur. Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). The Supreme Court has set forth the requirements for standing as a three-part test. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982). An individual has standing if she: (1) suffers an injury in fact; that (2) is fairly traceable to the alleged misconduct; and (3) is redressible by the relief sought. *Id.* at 475. The Sixth Circuit has interpreted the second prong to mean that "the injury is indeed fairly traceable to the defendant's act or omissions." *United States v. Perry*, 360 F.3d 519, 527-28 (6th Cir. 2004).

Based on the pleadings and evidence available, this Court finds that Brown fails to fulfill the second prong of the standing requirements, which requires the plaintiff's identified injury in fact to be traceable to the defendant's alleged misconduct. In his Complaint, Brown identifies his injury in fact as the alleged violation of his equal protection rights through the denial of his expungement motion (Doc. 24, p. 11). Brown does not show, however, that Frantz's act of

objecting to his motion to seal his criminal record was responsible for the equal protection violation he claims to have suffered.

Under R.C  2953.36(B), those convicted of driving under the influence of alcohol pursuant to R.C. 4511.19 cannot have their records expunged or sealed. *City of Aurora v. Bulanda*, 1996 Ohio App. LEXIS 2453, *5 (June 14, 1996).  Prosecutors or probation officers can object to a motion for sealing or expungement based on this statutory directive; but, the presiding judge of the trial court makes the actual determination as to whether a plaintiff's criminal record should be sealed. *Id.*

Both parties agree that Frantz objected to Brown's motion to seal his criminal record based on the specific language of R.C  2953.36(B), which prohibits the expungement or sealing of R.C. 4511.19  OVI violations. Frantz's objection, however, was not the act that ultimately led to the denial of Brown's expungement. In this case, the Wayne County Municipal Court judge overseeing the expungement hearing decided to deny Brown's motion to seal his criminal record, the result Brown claims violated his constitutional equal protection right. Therefore, even if this Court were to find that the denial of Brown's expungement motion was a constitutional violation, this injury in fact would not be traceable to Frantz's objection; rather, it was the Wayne County Municipal Court judge's act, not Frantz's, that led to the alleged constitutional violation. Thus, Brown fails to establish the second prong of the standing test that requires a traceable link between the act in question and the injury in fact. Without establishing the second prong, this Court finds that Brown lacks standing to sue the Defendant under Article III of the Constitution.

Moreover, §1983 does not provide relief against judges acting purely in their adjudicative capacity. *In re Justices of Supreme Court*, 695 F.2d 17 , 22 (1982). Because no "case or controversy" exists between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute, Brown also has no standing under Article III to sue the Wayne County Municipal Court judge who denied his expungement motion.

## V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** the Defendant's Motion to Dismiss because the Plaintiff lacks standing. Given this decision, this Court declines to address the Defendant's Motion to Dismiss based on improper venue as that issue is now moot because no additional  defendants remain under Plaintiff's complaint.


**IT IS SO ORDERED.**


                                                              s/Algenon L. Marbley
                                                        **ALGENON L. MARBLEY**
                                                        **United States District Court Judge**
**DATE: October 4, 2010**